UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ELERATH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4058** |
| **JASON VITORINO ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 20) of a January 2, 2019 Order and Reasons that resulted in the dismissal of Plaintiffs' claims with prejudice. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this suit sought damages from their real estate agent after he sold the property that Plaintiffs co-owned for a lower price than they had agreed to in a representation agreement ("Agreement"). On May 16, 2018, Defendants filed a Motion to Dismiss and to Compel Arbitration. Finding that all of Plaintiffs' claims were subject to arbitration pursuant to the Agreement, the Court granted Defendants' Motion and dismissed Plaintiffs' claims with prejudice.[1] Plaintiffs now ask the Court to amend its January 2, 2019 Order

---

[1] *See* Doc. 18.

and Reasons to provide for a stay of Plaintiffs' suit instead of dismissal. Defendants oppose.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.[2] "Relief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice."[3]

## LAW AND ANALYSIS

Although Section 3 of the Federal Arbitration Act provides that district courts shall stay proceedings under certain circumstances,[4] the statute "was not intended to limit dismissal of a case in the proper circumstances."[5] A proper circumstance warranting dismissal arises "when *all* of the issues raised in the district court must be submitted to arbitration."[6] In its previous Order and Reasons, the Court noted that the Agreement contained an arbitration clause covering "[a]ll disputes arising between the Parties with respect to the subject matter of [the Agreement]."[7] Here, Plaintiffs' suit was based entirely on a dispute between the parties regarding the subject matter of the Agreement.

---

[2] FED R. CIV. P. 59(e).
[3] Farquhar v. Steen, 611 F. App'x 796, 800 (5th Cir. 2015).
[4] 9 U.S.C. § 3.
[5] Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).
[6] *Id.* (emphasis in original).
[7] Doc. 18 at 9 (quoting Doc. 14-1 at 6).

For that reason, the Court in its previous Order and Reasons held that dismissal, rather than a stay, was appropriate.[8]

Plaintiffs have failed to make a showing to warrant Rule 59(e) relief in this case. There has been no change in controlling law since the Court dismissed Plaintiffs' suit in January. Further, Plaintiffs fail to cite any new evidence to support their Motion for Reconsideration. Finally, Plaintiffs fail to identify any clear legal error by this Court that resulted in manifest injustice. Accordingly, there is no reason for this Court to grant Plaintiffs' request for Rule 59(e) relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **DENIED**.

New Orleans, Louisiana this 2nd day of April, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[8] *See* Doc. 18 at 9.